FILED
SUPERIOR COURT
OF GUAM

2014 OCT 13 PM 1: 26

CLERK OF COURT
BY: dv

## IN THE SUPERIOR COURT
## OF GUAM

VASUDEV B. HEMLANI,

               Plaintiff,

    v.

PRERNA V. HEMLANI

               Defendant.

DOMESTIC CASE NO. DM0660-13

**DECISION AND ORDER**

### INTRODUCTION

Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, Defendant's Motion of Relief from Default Judgment was taken under advisement by the Honorable Judge Michael J. Bordallo on September 11, 2014. Plaintiff was represented by attorney Zachary C. Taimanglo. Defendant was represented by attorney Daniel J. Berman. Having reviewed the memorandum and papers presented, the Court now issues the following decision denying Defendant's motion.

### BACKGROUND

This matter arises out of a November 27, 2013, complaint for divorce. Cmpl. at 1. A declaration of service was filed on December 4, 2013. The declaration asserts Defendant was served personally with the Complaint on December 3, 2013. Default was entered on January 22, 2014, and an interlocutory and final decree of divorce was entered on April 25, and 28, 2014 respectively.

ORIGINAL

I.

On July 28, 2014, Defendant filed a motion of relief from default judgment. In it she asserts she did not understand the summons and complaint served upon her, was not served with the motion to enter default or entry of default, and was misled by Plaintiff and his daughter in law, attorney Minakshi Hemlani, through acts contrary to Indian custom, into believing that Plaintiff was not seeking a divorce. *Id.* at 2-5. She further asserts that she did not understand the premarital agreement, was never provided a complete copy of it, was not allowed competent legal counsel which could explain or review the agreement with her, and that the premarital agreement was presented to her and signed in a manner and method which constituted duress. *Id.* at 5-8. As to the merits, Defendant denies the grounds asserted in the complaint to support irreconcilable differences and denies that she was ever unfaithful or disloyal. *Id.* at 8-10. She argues that the above assertions are sufficient to merit the entry of an order setting aside the default and allowing for an order mandating mediation and counseling. *Id.* at 10-14.

II.

Plaintiff filed his opposition on August 25, 2014. Opp. at 1. In it he emphasizes that Defendant was properly served with the summons and complaint and citing to the Court's local rules, he argues that service of his motion for default was not required. *Id.* at 1 and 5. Plaintiff disputes Defendant's assertion that she does not understand English. *Id.* at 2-3. He concedes that while Defendant has difficulty following local accents, she can read, write and speak English, is the holder of two master's degrees in English-related studies, was employed as an English tutor in India when she and Plaintiff met and prior to that taught, English in two educational institutions between 1997 and 2001. *Id.* at 2-3. Plaintiff also argues and asserts that Defendant was married previously, underwent a lengthy divorce, and brought her own attorney to review the premarital settlement agreement. *Id.* at 3-4. He argues that these assertions evidence

Defendant is familiar with the importance of seeking out the advice of independent legal counsel. *Id.* at 4.

Plaintiff further denies that he or his daughter acted deceitfully or that his daughter ever acted as Defendant's attorney. *Id.* He disputes that after filing for divorce her continued use of his home was welcome, productive or peaceful, he often requesting that she leave and she making assurances that she would leave. *Id.* at 6. He asserts that Defendant deliberately chose to take no action, telling Plaintiff that she intended to do nothing in the case. *Id.* at 5.

Plaintiff argues that Defendant has not met her burden of showing the existence of a meritorious defense, the parties' disputes by their nature and definition constituting differences which are irreconcilable. *Id.* at 7. As to the challenges to the parties' premarital agreement Plaintiff argues that it is valid on its face. *Id.* at 8. It is governed by an arbitration agreement, it was reviewed by the parties' independent attorneys, it was initialed on each page by the parties, and any assets it covered have been sold and given to Defendant. *Id.* As to prejudice Plaintiff argues that setting aside the default, thereby changing his legal status as a single person would legally prejudice him by binding him again to Defendant. *Id.* at 8-9.

III.

Defendant filed her reply on September 8, 2014. Reply at 1. In it she refers to the 1998 Guam Supreme Court's statement of its policy disfavoring default judgments. *Id.* Citing the same opinion Defendant argues that there is no evidence she engaged in culpable conduct that led to the default, that she has a meritorious defense and that Plaintiff will suffer no prejudice. *Id.* at 2-6. Reiterating her believe of reconciliation Defendant cites a 1984 U.S. Federal 9th Circuit case that explained a movant's assertions of fact in a request to set aside are to be viewed as true. *Id.* at 3. Defendant argues that given her belief of reconciliation, a divorce decree should not enter absent an order of mediation and counseling. *Id.* at 5. She extends this

argument to her assertions that the premarital agreement was signed under duress and without consideration. *Id.* at 4. Defendant disputes that Plaintiff's asserted prejudice in maintaining his legal single status is sufficient to support a finding of prejudice and reasserts her argument that any prejudice to him would be minimal. *Id.* at 6. Lastly Defendant argues that she has asserted sufficient facts to justify a finding setting aside the default under Rule 60(b)(1) or 60(b)(6) of the Guam Rules of Civil Procedure. *Id.* at 8. She argues that allowing default will preclude her from the opportunity to undergo counseling with her husband and damage her community property rights by enforcing a suspect premarital agreement. *Id.* at 9.

## DISCUSSION

Rule 60(b) of the Guam Rules of Civil Procedure regulates when a judgment may be set aside. Guam R. Civ. P. 60(b). It provides,

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment . . . for the following reasons:
> 1. mistake, inadvertence, surprise, or excusable neglect; [or]
> . . .
> 6. any other reason justifying relief from operation of the judgment.
> The motion shall be made within a reasonable time, and for reasons (1), (2), (3) not more than one year after the judgment, order, or proceeding was entered or taken....

*Id.*

The standards for denying a Rule 60(b) motion are if "(1) the defendant's culpable conduct led to the default, (2) the defendant has no meritorious defense, or (3) the plaintiff would be prejudiced if the judgment is set aside." *Midsea Industrial, Inc., v. HK Engineering, Ltd.,* 1998 Guam 14 ¶ 5. It must also be kept in mind that default judgments are generally disfavored and deciding a case on its merits is encouraged whenever possible. *Id.* at ¶ 7.

As explained by the Guam Supreme Court the test to determine whether a default

should be set aside is disjunctive. *Id.* Whether a movant is in part culpable of the default, lacks a meritorious defense or whether default would cause prejudice are all justifiable reasons to support denial. *Id.* Here the Court takes judicial notice of the papers and testimony elicited in Protective Order Case No. PO0080-14. After receiving testimony from the Defendant in regards to the issues in Case No. PO0080-14, observing her countenance, responsiveness and demeanor to the questions asked the Court is not persuaded that Defendant in this case lacked sufficient ability or capacity to understand the English language or the significance of the complaint for divorce served upon her. Having made this finding the credulity of Defendant's other assertions of fact regarding a reconciliatory atmosphere is lessened.

Viewing the facts asserted as true the Court is not persuaded Defendant has asserted sufficient facts to establish she has a meritorious defense. As commonly explained, to satisfy the meritorious defense requirement a movant must allege sufficient facts that, if true, would constitute a legitimate defense. *Rigaud v. DeRuisei*, 141 So.3d 917, 920 (4th Cir. 2014); *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010). Here while Defendant makes several assertions, they are mostly conclusory and lack the factual specifics or any justifiable analysis as to how they might support a defense that is meritable. *Id.* While she generally asserts that an atmosphere of contentment existed subsequent to being served with the complaint, she does not provide sufficient specific facts to allow the Court to find a meritorious defense to divorce based on irreconcilable differences. see, *Isaac v. Isaac*, 2014 Guam 21 ¶ 17.

In light of Defendant's demeanor and the contents of the judicially noticed testimony received at the protective order hearing, the Court is unable to find that Defendant's specific assertions of: Plaintiff's receiving a visit from Defendant's relatives, their sharing a bedroom, and allowing her to stay in the home are sufficient. *Id.* Additionally while Defendant asserts

that the premarital agreement was incomplete, signed without adequate legal representation, and signed under the stress of a marriage set to occur the next day, she fails to assert how these facts if true would change the ultimate outcome of the final decree. Absent this the Court is unable to find that they might support a finding of defensible merit. *Midsea Industrial, Inc., Ltd.*, 1998 Guam 14 ¶ 5.

## CONCLUSION

Based on the foregoing, Defendant's motion to set aside default judgment is DENIED.

SO ORDERED, this 13 day of October 2014.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of: *Arriola, Cowan & Arriola~ Zachary C Taimanglo, Daniel J. Berman.*
Date: *10-13-14* Time: *2.10 pm*

*Jordan C City*
Deputy Clk.t. Superior Court of Guam